The opinion of the Court was delivered by
Wardlaw, A. J.
Since Lampéis case, (10 Co. R. 48,) it has not been doubted that the inchoate right of dower, which a wife has during her husband’s life, is a releasable *289 interest; and if coverture imposes no disability, the wife might by her single act release it to any person, who by possession or privity of estate was in a situation to accept an assignment of a thing in action-. But for protection of femes covert, the English practise, before the dower Act of 3 and 4, W. 4 c. 105, required for bar of dower, the privy examination of a wife when she joined in a fine or common recovery, the modes of conveyance there in use for the purpose of binding a wife-. In this State, as in most of the States of our Union, fine and recovery having never been introduced, other more simple forms have been prescribed for barring a wife’s dower, and the rule as to both dower and inheritance prevails which was laid down in Brown vs. Spann, (2 Mill, 12,) and recognized in Hays vs. Hays, (5 Rich. 38,) viz., “a married woman is not capable of binding herself by deed, unless authorized so to- do by an Act of the Legislature, and then only in the manner and to the extent prescribed by such Act.”
We have then in this case only to inquire whether any Act of force in this State authorizes a wife to release her contingent right of dower to a person, who is- in possession of the husband’s land without title, but with consent of the husband, and under expectation of a conveyance from him, according to the provisions of his will already executed, but of course ambutatory. As the release made by Mrs. Mobley shows no reference to a will, or to any act done or to be done by her husband, the question might be narrowed to this, whether a wife by her single release, independent of her husband’s act, made to a person in possession of her husband’s land, can bar her dower ?
The forty-sixth section of the County Court Act of 1785, (7 Stat. 233,) provides for the relinquishment by the wife, where she has joined the husband in the conveyance, and where she has relinquished without having joined, where she can appear in Court to acknowledge, and where she *290 makes acknowledgment before Commissioners specially appointed; but it cannot now have application, because there is no County Court to take acknowledgment, or to issue the commission and receive the return as there directed.
The Act of 1795, {5 Stat. 256,) extends, perhaps, only to conveyance in fee simple, made according to the form there prescribed, or any other form theretofore in use within this State; at any rate, in the renunciation of dower it manifestly contemplates a grantor, and a release by the wife to the grantee, endorsed upon the grant or release of the husband, or written as a separate instrument referring thereto.
Under the twenty-ninth section of the Quit-rent Act of 1731, (3 Stat. 303) and its amendments made in 1767 (7 Stat. 176, § 7,) a mode was provided for barring a wife of her estate, inheritance, dower, or thirds, which extends to all interests, and which sometimes is yet used; but that looks to the wife’s joining her husband in the conveyance of the land, and to an acknowledgment before the Chief Justice, an Assistant Judge, or some person by either of them thereto appointed, and also to recording in the office of pleas — formalities which have not been complied with in this case.
We have no other Act on the subject, and. even if we should regard the husband’s will as a conveyance made effectual by his death, we cannot perceive that any law of force here gave validity to the supposed release, which the wife made without the forms and conditions required by any legislative Act to which it may be referred.
The motion is dismissed.
Dunkin, C. J., and Inglis, A. J., concurred.

Motion dismissed.